**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**JUSTO E. ROQUE, JR.**                                          **CIVIL ACTION**

**VERSUS**                                                       **NO. 13-4778**

**BROTHER INTERNATIONAL CORP., ET AL.**                          **SECTION "G" (3)**

**ORDER**

Before the Court is plaintiff's Motion for Reconsideration  [Doc. #17].  Plaintiff asks the Court to reconsider its earlier order in which it denied his motion to issue a subpoena.  [Doc. 15]. For the following reasons, the motion is denied.

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider.  *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).  However, the Fifth Circuit treats motions to reconsider as either a motion to alter or amend judgment pursuant to Rule 59(e) or a motion for relief from judgment pursuant to Rule 60, depending on when the motion is filed.  *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  A motion for reconsideration is analyzed under Rule 59(e) if it is served within 28 days of the court's ruling; otherwise, it is analyzed under Rule 60(b) if it is served after that time.  *Id.*  Here, plaintiff filed his motion for reconsideration within 28 days of the Court's order, and the motion is thus properly considered under Rule 59(e).

Courts in this district apply Rule 59(e) to motions to reconsider non-dispositive pre-trial

rulings.  *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96-4172, 1998 WL 166209, (E.D. La.

Apr. 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e));

*Freeport-McMoran Sulphur, L.L.C. v. Mike Mullen Energy Equip. Res.*, Civ. A. 03-1496, 2004 WL

1488665 (E.D. La. June 30, 2004) (analyzing under Rule 59(e) motion to reconsider court's ruling

as to privileged documents).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that

should be used only sparingly and not to re-litigate old matters, raise new arguments, or present

evidence that should have been raised in the earlier motion.  *See Karim v. Finch Shipping Co.*, 111

F. Supp. 2d 783, 784 (E.D. La. 2000).  A court may entertain a motion for reconsideration if the

moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the

motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to

prevent manifest injustice, or (4) that the motion is justified by an intervening change in the

controlling law.  *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La.

May 26, 2000).

Plaintiff has not offered this Court one reason why it should reconsider its earlier ruling.  As

the Court noted in that ruling, the law on this issue is clear.  This Court can not issue a subpoena to

an individual in Boca Raton, Florida.  The federal district court for that region must issue the

subpoena. Fed. R. Civ. P. 45(c); *see, e.g., Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, Civ.

A. No. 08-3657, 2008 WL 4829583, *1 (E.D. La. Nov. 5, 2008) ("Because the subpoena commands

the production of documents at defense counsel's office in Baton Rouge, which is less than 100 miles

from J & J Accounting Services' office in Covington, Fed. R. Civ. P. 45(b)(2), the subpoena should

have been issued from the United States District Court for the Middle District of Louisiana, located

in Baton Rouge.").  Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration [Doc. #17] is DENIED.

New Orleans, Louisiana, this 29th day of October, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

3