UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JUSTO E. ROQUE, JR.**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 13-4778**

**BROTHER INTERNATIONAL CORP., et al.**        **SECTION: "G"(3)**

### ORDER

In this litigation, Plaintiff Justo E. Roque, Jr. ("Plaintiff") appears to be asserting a product liability claim against Brother International Corp., Michael Fifick, and Toshikaza Koike[1] (collectively, "Defendants") regarding a defective typewriter ribbon. Before the Court is Defendants's "Motion for More Definite Statement and/or, Alternatively, Motion to Dismiss."[2] After considering the motion, the memorandum in support, the memorandum in opposition, the complaint, and the applicable law, the Court will grant in part and deny without prejudice in part.

On June 10, 2013, Plaintiff, proceeding *pro se*, filed the complaint in this matter.[3] In the complaint, Plaintiff appears to allege problems with a typewriter ribbon manufactured by Brother International that he purchased at Office Depot in New Orleans, Louisiana,[4] and he requests $1,500.00 in damages.[5] According to Plaintiff, jurisdiction is proper under 28 U.S.C. § 1331, which, the Court notes, establishes federal question jurisdiction. Although the precise basis for Plaintiff's

---

[1] According to Defendants: "Mr. Koike resides in Japan and is neither an employee nor a board member of Brother International Corporation and has not been properly served. However, in the interest of judicial efficiency and for the purposes of this case only and not any other case either presently pending or filed in the future, Mr. Koike waives service . . . ." Rec. Doc. 10. (emphasis in original).

[2] Rec. Doc. 10.

[3] Rec. Doc. 5.

[4] *Id.* at p. 2–3.

[5] *Id.* at p. 6.

cause of action is unclear, Plaintiff seems to state that he is bringing the action "under American Products Liability Law, under Title 28 U.S.C. § 1331 and § 1391, the Civil Rights Act of 1991, and accordance the torts-lawsuit private individual and organizations and companies."[6] Plaintiff also suggests the he is "fil[ing] 'The Statement Legal Complaint' under (FTCA) Title 28 U.S.C. § 2675, Exhaust Administrative Remedies, (Torts Claims Act)."[7]

In the pending motion, Defendants request that the Court dismiss Plaintiff's suit for lack of subject matter jurisdiction or, alternatively, order Plaintiff to file a more definite statement of his claims.[8] According to Defendants, "The Complaint references a couple of federal statutes and regulations, including the Federal Tort Claims Act, but there does not appear to be any federal question raised."[9] If the Court does not dismiss for lack of subject matter jurisdiction, Defendants aver that a more definite statement is necessary because "Plaintiff's Complaint is nearly unintelligible, and Defendants simply cannot determine what Plaintiff is claiming."[10]

In his opposition, Plaintiff seems to characterize Defendants' jurisdictional arguments as "erroneous[]" and "frivolous," citing "'Company Multinational-International Corporation (Federal Jurisdiction), (see) 'Government' general power to exercise authority over all, "person" and things withing [sic] its territory, (see) "Art. III of Constitution and congressional policy every federal of case, , under Title 28 U.S.C. Judiciary and Judicial Procedure, Part IV–Jurisdiction and Venue,

---

[6] *Id.* at p. 2.

[7] *Id.* (emphasis in original).

[8] Rec. Doc. 10.

[9] Rec. Doc. 10-1 at p. 2.

[10] *Id.* at p. 6.

Chapter 85–District Courts: Jurisdiction, § 1331."[11] With respect to Defendants' arguments regarding a more definite statement, Plaintiff appears to assert that he is seeking "fully responsability and violation 'Brother Typewriter Ribbon Supply', (Manufacture Defective) under federal law."[12]

A district court will grant a motion for more definite statement under Federal Rule of Civil Procedure 12(e) when the challenged pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Upon review of the complaint, the Court agrees that a more definite statement is warranted. Plaintiff's complaint is at times unintelligible, and fails to articulate a "short and plain statement of the claim," as required even under the liberal pleading standard of Federal Rule of Civil Procedure 8.[13] Additionally, although Plaintiff invokes federal question jurisdiction and references some federal laws, it is unclear how these laws relate to a product liability suit against a private corporation and private individuals. In this manner, Plaintiff has not provided a "short and plain statement of the grounds for the court's jurisdiction."[14]

Considering that dismissal is a harsh remedy and that Plaintiff is proceeding *pro se*, the Court will require Plaintiff to provide a more definite statement of his claim and of this Court's jurisdiction, and will not dismiss for lack of subject matter jurisdiction at this juncture. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED IN PART** and Plaintiff shall be required to file a more definite statement;

---

[11] Rec. Doc. 12 at p. 2.

[12] *Id.*

[13] *See* Fed. R. Civ. P. 8(a)(2).

[14] Fed. R. Civ. P. 8(a)(1).

3

**IT IS FURTHER ORDERED** that Plaintiff file a more definite statement clarifying his claim against Defendants and the basis for this Court's jurisdiction by February 7, 2014;

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED WITHOUT PREJUDICE IN PART**, and that Defendants may re-urge their request to dismiss for lack of subject matter jurisdiction after the deadline for Plaintiff's more definite statement has passed.

**NEW ORLEANS, LOUISIANA**, this 24th day of January, 2014.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **UNITED STATES DISTRICT JUDGE**