**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JUSTO E. ROQUE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4778** |
| **BROTHER INTERNATIONAL CORP., et al.** | **SECTION: "G"(3)** |

## ORDER

In this litigation, Plaintiff Justo E. Roque, Jr. ("Plaintiff") appears to be asserting a product liability claim against Brother International Corp., Michael Fifick, and Toshikaza Koike[1] (collectively, "Defendants") regarding a defective typewriter ribbon. Before the Court is Plaintiff's "Motion for Summary Judgment."[2] Having considered the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will deny the motion.

According to Plaintiff, summary judgment is appropriate because "proofs evidence, exhibits legal documents including federal law support fully claims, 'Brother Typewriter Ribbon Supply' (Manufacture Defective), under federal law, Title 16 C.F.R. § 1115.4 - (Defect) 'Commercial Practice' , 'Quality Standard' Manufacture Guarantee Supplys' and 'Product Liability Defectiveness II, Chapter 6. Nature and Proofs Evidences, § 6 Generally and § 6.2 'Three Type of Defects' (1) Manufacture Flaws (Defect) under American Products Liability Law, both violations 'Brother International, Corp, Et, Al.'"[3]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] According to Defendants: "Mr. Koike resides in Japan and is neither an employee nor a board member of Brother International Corporation and has not been properly served. However, in the interest of judicial efficiency and for the purposes of this case only and not any other case either presently pending or filed in the future, Mr. Koike waives service . . . ." Rec. Doc. 10. (emphasis in original).

[2] Rec. Doc. 16.

[3] *Id.* at p. 1.

law."[4] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[5] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[6] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[7]

In this case, summary judgment is not warranted. As explained in the Court's order regarding Defendants' "Motion for More Definite Statement and/or, Alternatively, Motion to Dismiss,"[8] the complaint is at times unintelligible, and it is difficult to ascertain what claims Plaintiff is making. Similarly, Plaintiff's "Motion for Summary Judgment" fails to clarify the allegations regarding the defective typewriter ribbon, making it impossible for the Court to assess what the material facts even are. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  24th day of January, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[4]  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[5]  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[6]  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[7]  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[8]  Rec. Doc. 10.