UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTO E. ROQUE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4778** |
| **BROTHER INTERNATIONAL CORP., et al.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

In this litigation, Plaintiff Justo E. Roque, Jr. ("Plaintiff") appears to be asserting a product liability claim against Brother International Corp., Michael Fifick, and Toshikaza Koike[1] (collectively, "Defendants") regarding a defective typewriter ribbon. Before the Court is Defendants' "Motion to Dismiss."[2] After considering the motion, the memorandum in support, the memorandum in opposition, the complaint, Plaintiff's "The Motion for More Definite Statement,"[3] and the applicable law, the Court will grant Defendants' Motion.

Also before the Court is Plaintiff's "The Motion Trial by Jury or By the Court."[4] Considering that the Court will grant Defendant's "Motion to Dismiss," the Court must deny Plaintiff's motion.

---

[1] According to Defendants: "Mr. Koike resides in Japan and is neither an employee nor a board member of Brother International Corporation and has not been properly served. However, in the interest of judicial efficiency and for the purposes of this case only and not any other case either presently pending or filed in the future, Mr. Koike waives service . . . ." Rec. Doc. 30. (emphasis in original).

[2] Rec. Doc. 30.

[3] Rec. Doc. 29. The Court notes that Plaintiff's "The Motion for More Definite Statement" is not a motion, but a response to the Court's January 24, 2014 Order (Rec. Doc. 26).

[4] Rec. Doc. 32.

**I. Background**

On June 10, 2013, Plaintiff, proceeding *pro se*, filed the complaint in this matter.[5] In the complaint, Plaintiff appears to allege problems with a typewriter ribbon manufactured by Brother International that he purchased at Office Depot in New Orleans, Louisiana,[6] and he requests $1,500.00 in damages.[7] According to Plaintiff, jurisdiction is proper under 28 U.S.C. § 1331, which, the Court notes, establishes federal question jurisdiction. Although the precise basis for Plaintiff's cause of action is unclear, Plaintiff seems to state that he is bringing the action "under American Products Liability Law, under Title 28 U.S.C. § 1331 and § 1391, the Civil Rights Act of 1991, and accordance the torts-lawsuit private individual and organizations and companies."[8] Plaintiff also suggests the he is "fil[ing] 'The Statement Legal Complaint' under (FTCA) Title 28 U.S.C. § 2675, Exhaust Administrative Remedies, (Torts Claims Act)."[9]

On August 26, 2013, Defendants filed a "Motion for More Definite Statement and/or, Alternatively, Motion to Dismiss."[10] On January 24, 2014, the Court granted Defendants' request for a more definite statement, granted Plaintiff leave to file a more definite statement clarifying his claims, and denied, without prejudice, Defendants' motion to dismiss.[11] In its Order and Reasons, the Court explained that Plaintiff's complaint is at times unintelligible, and fails to articulate a "short

---

[5] Rec. Doc. 5.

[6] *Id.* at p. 2–3.

[7] *Id.* at p. 6.

[8] *Id.* at p. 2.

[9] *Id.* (emphasis in original).

[10] Rec. Doc. 10.

[11] Rec. Roc. 26 at pp. 3–4.

and plain statement of the claim," as required under the pleading standard of Federal Rule of Civil Procedure 8.[12] Additionally, the Court noted that although Plaintiff invokes federal question jurisdiction and references some federal laws, it is unclear how these laws relate to a product liability suit against a private corporation and private individuals.

On February 4, 2014, Plaintiff filed "The Motion for More Definite Statement." In his pleading, Plaintiff asserts that:

> Plaintiff, Pro-Se Demandant, to very clear every inch arguments-statements definite and support "Brother International Corp. et, al" fully responsibility and (Inexcusable Neglect) the violations Title 16 CFR Section 1115.4, (Defect) ,(Manufacture Defectiveness), "Brother Typewriter Ribbon Supply" (Quality Standard Manufacture Guarantee Supplys)" Products Liability Law" Part II. Products Defectivness, Chapter 6. Nature and Proofs Evidence, Section 6.1 Generally and 6.2 (Three Types of Defects), (1) Manufacture Flaws (Defects) under "American Products Liability Law"[13]

Further, Plaintiff states:

> Plaintiff, Pro-Se Demandant customer "Office Depot, Inc. claims numerables legal report Staff Administration Office Depot Store, address: 1429 St. Charles, Ave New Orleans, La 70130, before Mr. Lawrence K. Johnson, Store General Manager/Tel:No. (504) 561-8846/Cell No. (504) 425-6171 (Witness) under Fed. R. Civ. P. Rule 45(c) subpoena to Appear and Testify at Hearing or Trial of Civil action, and second (Witness) Ms. Kamala Shirely/Senior Customer Advocate, "Office Depot, Inc" (Headquarter Staff Administration, Rule 45(a) General (1) Form and Contests (B) Notice of The Recording Method under Art. VI Witnesses. Section 603 Oath, and Honorable Court to maintain numerables proofs, evidences, legal documents exhibit support to very clears inch, under Art. 1 Rule 103, and Art. X Rule 103 and Art. X Rule 1001(a),(d) Court Records and Art. VI Rule 615 Witnesses."[14]

---

[12] *See* Fed. R. Civ. P. 8(a)(2).

[13] Rec. Doc. 29 at pp. 1–2.

[14] Rec. Doc. 29 at p. 2.

3

On February 14, 2014 Defendants filed the pending "Motion to Dismiss" pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(e).[15] In their motion, Defendants argue that "Plaintiff's 'Motion for More Definite Statement' does not clarify the nature of Plaintiff's claims. It is as unintelligble as the original Complaint."[16] Defendants aver that "[b]ased on this new pleading, it appears that Plaintiff cannot clarify his claim to the point where Defendants could ever substantively respond."[17]  Further, Defendants assert that the Court does not have subject matter jurisdiction:

> [T]he Plaintiff invokes the 'federal question' jurisdiction of 28 U.S.C. § 1331. However, the Complaint does not allege any cause of action 'arising under the Constitution, laws, or treaties of the United States.' Except for the reference to the Federal Tort Claims Act claim . . . there is no indication that Plaintiff's Complaint is based on any federal law.[18]

On February 24, 2014, Plaintiff filed a memorandum in opposition, contending that "[Plaintiff] moves that the Honorable Court issue an order granting, file counsel representative the Defendant(s), "Memorandum in Support of Defendants' Motion to Dismiss" to be "Denied" to continued and for same poor arguments-statements and to repetitions for reverse and frivolous intentional to very clear interpretation to be clear contradictory, under federal law."[19]

## II. Law and Analysis

### A.     Applicable Law

Federal courts have subject matter jurisdiction over and are authorized to entertain  causes of action only where a question of federal law is involved or where there is diversity of citizenship

---

[15] Rec. Doc. 30.

[16] Rec. Doc. 30-1 at p. 2.

[17] *Id.*

[18] *Id.* at p. 5.

[19] Rec. Doc. 31 at p. 1.

4

between the parties and the amount controversy exceeds $75,000 exclusive of interest and costs.[20] Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case.[21] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[22] "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[23]

The Fifth Circuit has instructed that when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court "should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[24] This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.[25] The court's dismissal of a plaintiff's case because it lacks subject matter jurisdiction is not a determination of the merits, and thus does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."[26]

A party filing a motion pursuant to Rule 12(b)(1) may engage in a "facial attack" or factual attack" on jurisdiction. "A 'facial attack' on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in

---

[20] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ."); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

[21] Fed. R. Civ. P. 12(b)(1).

[22] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[23] *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

[24] *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

[25] *Id.*

[26] *Id.*

his complaint are taken as true for the purposes of the motion."[27] Alternatively, a "factual attack" "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."[28] In bringing this motion to dismiss under Rule 12(b)(1), Defendants rely solely on the language of the complaint. Accordingly, under this facial attack on the complaint, Plaintiff's allegations must be taken as true for purposes of determining whether he has sufficiently alleged a basis for subject matter jurisdiction, and the Court will not consider additional testimony or affidavits in making its determination.[29]

**B.     Analysis**

While Plaintiff's complaint and his subsequent "The Motion for More Definite Statement" are both difficult to comprehend, Plaintiff appears to allege problems with a typewriter ribbon manufactured by Brother International that he purchased at Office Depot in New Orleans, Louisiana,[30] and he requests $1,500.00 in damages.[31] According to Plaintiff, jurisdiction is proper under 28 U.S.C. § 1331, which establishes federal question jurisdiction. Although the precise basis for Plaintiff's cause of action is unclear, Plaintiff seems to state that he is bringing the action "under American Products Liability Law, under Title 28 U.S.C. § 1331 and § 1391, the Civil Rights Act of 1991, and accordance the torts-lawsuit private individual and organizations and companies."[32] In

---

[27] *Menchaca*, 613 F.2d at 511.

[28] *Id.*

[29] The Court notes that no testimony or affidavits have been filed.

[30] *Id.* at p. 2–3.

[31] *Id.* at p. 6.

[32] *Id.* at p. 2.

his complaint, Plaintiff further suggests the he is "fil[ing] 'The Statement Legal Complaint' under (FTCA) Title 28 U.S.C. § 2675, Exhaust Administrative Remedies, (Torts Claims Act)."[33] Additionally, in "The Motion for More Definite Statement," Plaintiff references "Title 16 CFR Section 1115.4, (Defect), (Manufacture Defectiveness), 'Brother Typewriter Ribbon Supply' (Quality Standard Manufacture Guarantee Supplys)' Products Liability Law' Part II. Products Defectivness, Chapter 6. Nature and Proofs Evidence, Section 6.1 Generally and 6.2 (Three Types of Defects), (1) Manufacture Flaws (Defects) under "American Products Liability Law"[34]

None of the federal laws cited by Plaintiff provide the Court with federal question jurisdiction over this matter. Federal question jurisdiction exists where federal law creates the cause of action,[35] or where "a well-pleaded complained establish[es] that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."[36]

First, Court notes that, contrary to Plaintiff's suggestion, there is no American Products Liability Law. While there is the Consumer Product Safety Act, Section 23 of that law only provides a private cause of action where the matter in controversy exceeds $10,000,[37] and Plaintiff has not pointed to substantial question concerning Consumer Products Liability Act in dispute.

Further, 28 U.S.C. § 1331 only defines federal question jurisdiction, while 28 U.S.C. § 1391 addresses general issues regarding venue. The Civil Rights Act of 1991 concerns employment discrimination, and does not apply to a products liability statute involving a defective typewriter

---

[33] *Id.* (emphasis in original).

[34] Rec. Doc. 29 at pp. 1–2.

[35] *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8–9.

[36] *Id.* at 13.

[37] 15 U.S.C. § 2072.

7

ribbon. Next, 28 U.S.C. § 2675 is part of the Federal Tort Claims Act (FTCA) and provides that before bringing an FTCA claim, a plaintiff must first exhaust his administrative remedies by presenting the claim to the appropriate agency. The FTCA applies in claims against the United States, and does not confer jurisdiction over a tort action against a private company and private individuals. Further, as Defendants note, Plaintiff does not allege that he has exhausted his administrative remedies.

Finally, 16 C.F.R. § 1115.4 provides regulations defining "defect" as used in Section 15(b)(2) of the Consumer Product Safety Act. Section 15(b)(2), in turn, "requires every manufacturer (including an importer), distributor, and retailer of a consumer product who obtains information which reasonably supports the conclusion that the product contains a defect which could create a substantial product hazard to inform the [Consumer Product Safety] Commission of such defect."[38] However, as numerous circuit courts have held, there is no private cause of action for a violation of the reporting rules promulgated under 16 C.F.R. § 1115.4.[39] Moreover, Plaintiff has not alleged that a reporting violation occurred, much less than his claim involves a substantial question in dispute concerning the federal reporting regulations.

With respect to diversity jurisdiction, Plaintiff requests only $1,500 in damages, which is far below the $75,000 jurisdictional threshold.

---

[38] 16 C.F.R. § 1115.4; *see also* 15 U.S.C. § 2064.

[39] *See In re All Terrain Vehicle Litigation*, 979 F.2d 755, 757 (9th Cir. 1992); *Daniels v. Am. Hondo Motor Co., Inc.*m 980 F.2d 729, at *3 (6th Cir. 1992) (unpublished); *Kloepfer v. Honda Motor Co., Ltd.*, 898 F.2d 1452, 1457 (10th Cir. 1990); *Zepik v. Tidewater Midwest, Inc.*, 856 F.2d 936, 941–44 (7th Cir. 1988); *Benitez-Allende v. Alcan Alumino do Brasil, S.A.*, 857 F.2d 26, 35 (1st Cir. 1988), *cert. denied*, 489 U.S. 1018 (1989); *Kelsey v. Muskin, Inc.*, 848 F.2d 39, 42–43 (2d Cir. 1988); *Drake v. Honeywell*, 797 F.2d 603, 611 (8th Cir. 1986). The Fifth Circuit has not addressed the issue.

### III. Conclusion

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court "should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[40] Taking all of the Plaintiff's allegations in the complaint as true, the Court determines that Plaintiff has not sufficiently alleged federal question jurisdiction or diversity jurisdiction, as the above-captioned matter is a product liability suit involving a defective typewriter and $1,500 in damages. Further, considering that the Court will grant Defendant's "Motion to Dismiss," the Court must deny Plaintiff's "The Motion Trial by Jury or By the Court."[41] Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss"[42] is **GRANTED** and that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**;

**IT IS FURTHER ORDERED** that Plaintiff's "The Motion Trial by Jury or By the Court"[43] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 22nd day of April, 2014.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[40] *Ramming*, 281 F.3d at 161 (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

[41] Rec. Doc. 32.

[42] Rec. Doc. 30.

[43] Rec. Doc. 32.